PER CURIAM.
As directed in our opinion In re Interest On Trust Accounts: A Petition To Amend The Rules Regulating The Florida Bar, 538 So.2d 448 (Fla.1989), the Florida Bar Foundation submits the appended proposed amendments to rule 5-1.1(d) of the Rules Regulating The Florida Bar implementing a mandatory Interest on Trust Accounts (IOTA) program.
In compliance with this Court’s request, the Foundation also submits for our approval, in accordance with the Florida Bar Foundation Charter, article X, section 10.2, proposed amendments to the Foundation’s Articles of Incorporation designed to ensure a fair and adequate representation of the Bar membership in the decisionmaking process. The proposed amendments to the Foundation’s charter represent a plan for the selection of the Foundation’s board of directors which was developed by a special joint committee of the Foundation and the Board of Governors of The Florida Bar and which was approved by the board of directors of the Foundation and the Board of Governors of The Florida Bar.
After considering the proposed amendments to rule 5-l.l(d), the proposed amendments to the Foundation’s charter and all comments filed, we adopt the appended amendments to rule 5-1.1(d) of the Rules Regulating The Florida Bar, requiring mandatory participation in Florida’s IOTA program, and approve the appended amendments to the The Florida Bar Foundation, Inc. Articles of Incorporation.
Under rule 5-1.1(d), as amended, all nominal or short-term funds which are placed in trust with a member of The Florida Bar practicing within the state of Florida must be deposited into an interest-bearing trust account for the benefit of the Florida Bar Foundation. Nominal or short-term funds are those funds of a client or third person which a lawyer determines cannot practicably be placed at interest for the benefit of the client or third person. A lawyer shall exercise good faith judgment in determining whether funds are nominal or short term. Factors to be considered in making *118 this determination are: 1) the amount of the funds; 2) the period of time funds are expected to be held; 3) the likelihood of delay in the transactions and proceedings; 4) the cost of establishing and maintaining an interest-bearing account; 5) minimum balance requirements and service charges or fees imposed. This determination shall rest in the sound judgment of the lawyer. No lawyer shall be charged with an ethical impropriety or other breach of professional conduct based on the exercise of such good faith judgment. The Foundation may authorize attorneys whose nominal or short-term trust funds cannot reasonably be expected to produce interest income net of reasonable service charges to maintain an interest-free trust account for such funds. Other than the annual written certification that he or she is in compliance with, or is exempt from, the provisions of rule 5-1.-1(d), only one set of documents furnished by the Foundation will need to be signed by an attorney. All subsequent reporting and remittances will be transmitted to the Foundation by the banking institution.
Rule 5-1.1(d), as amended, shall became effective October 1, 1989. Under article VI, section 6.7, of the amended charter, transition to the new governance scheme shall begin in June 1990. Additions to the Florida Bar Foundation Charter are underlined and deletions are in struck-through type. Rule 5-l.l(d) is amended in its entirety as appended.
It is so ordered. '
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
APPENDIX
Amended Rule 5 — 1.1(d) of the Rules Regulating The Florida Bar
(d) Interest on trust accounts (IOTA) program.
(1) Definitions. As used in rule 5-1.1(d), the term:
a.“Nominal or short term” describes funds of a client or third person which, pursuant to rule 5-l.l(d)(7), the lawyer has determined cannot practicably be placed at interest for the benefit of the client or third person.
b. “Foundation” means The Florida Bar Foundation, Inc.
c. “IOTA account” means a trust account described in rule 5-1.1(d)(2).
(2) Required participation. All nominal or short-term funds belonging to clients or third persons which are placed in trust with any member of The Florida Bar practicing from an office or other business location within the State of Florida shall be deposited into one or more interest-bearing trust accounts for the benefit of the Foundation, except as provided in rule 4-1.15 with respect to funds maintained other than in a bank account, or as provided in rule 5-1.-2(a). Only trust funds which are nominal or short term shall be deposited into an IOTA account. The member shall certify annually, in writing, that the member is in compliance with, or is exempt from, the provisions of rule 5-1.1(d).
(3) Eligible financial institutions. An IOTA account shall be established with any bank or savings and loan association authorized by federal or state laws to do business in Florida and insured by the Federal Deposit Insurance Corporation, the Federal Savings and Loan Insurance Corporation, or any successor insurance corporation(s) established by federal or state laws. The funds in each IOTA account shall be subject to withdrawal, upon request, and without delay.
(4) Interest rates. The rate of interest on any IOTA account shall not be less than the rate paid by the financial institution to non-IOTA account depositors. Higher rates offered by the financial institution to customers whose deposits exceed certain time or quantity minimums may be obtained by a lawyer or law firm for IOTA accounts on some or all of the deposited funds so long as there is no impairment of the right to immediately withdraw or transfer principal.
(5) Remittance instructions. Lawyers or law firms shall direct the financial institution:
*119 a. Frequency of remittances. To remit interest on the balance in the IOTA account, in accordance with the financial institution’s standard practice for non-IOTA account depositors, less reasonable service charges or fees, if any, in connection with the IOTA account, at least quarterly, to the Foundation.
b. Statement to the Foundation. To transmit with each remittance to the Foundation a statement showing the name of the lawyer or law firm from whose IOTA account the remittance is sent, the lawyer or law firm’s IOTA trust account number as assigned by the financial institution, the rate of interest applied, the period for which the remittance is made, the total interest earned during the remittance period, the amount of any service charges or fees assessed during the remittance period, and the net amount of interest remitted for the period; and
c. Report to law firm. To transmit to the depositing lawyer or law firm, for each remittance, a report showing the amount paid to the Foundation, the rate of interest applied and the period for which the report is made.
(6) Notice to Foundation. Lawyers or law firms shall advise the Foundation at Post Office Box 1553, Orlando, Florida 32802-9919, of the establishment of an IOTA account. Such notice shall include: the IOTA account number as assigned by the financial institution; the name of the lawyer or law firm on the IOTA account; the financial institution name; the financial institution address; and the name and Florida Bar attorney number of the lawyer, or of each member of The Florida Bar in a law firm, practicing from an office or other business location within the State of Florida, which has established an IOTA account.
(7) Determination of nominal or short-term funds. The lawyer shall exercise good faith judgment in determining upon receipt whether the funds of a client or third person are nominal or short term. In the exercise of this good faith judgment, the lawyer shall consider such factors as:
a. The amount of a client’s or third-person’s funds to be held by the lawyer or law firm;
b. The period of time such funds are expected to be held;
c. The likelihood of delay in the relevant transaction(s) or proceeding(s).
d. The cost to the lawyer or law firm of establishing and maintaining an interest-bearing account or other appropriate investment for the benefit of the client or third person;
e. Minimum balance requirements and/or service charges or fees imposed by the financial institution.
The determination of whether a client’s or third person’s funds are nominal or short term shall rest in the sound judgment of the lawyer or law firm. No lawyer shall be charged with ethical impropriety or other breach of professional conduct based on the exercise of such good faith judgment.
(8) Small IOTA accounts. The Foundation may establish procedures for a lawyer or law firm whose nominal or short-term trust funds cannot reasonably be expected to, or have not produced interest income net of reasonable financial institution service charges or fees, to be authorized to maintain an interest-free trust account for client and third-person funds which are nominal or short term.
(9) Confidentiality. The Foundation shall protect the confidentiality of information regarding a lawyer’s or law firm’s trust account obtained by virtue of rule 5-1.1(d).
THE FLORIDA BAR FOUNDATION, INC.
PROPOSED AMENDED ARTICLES OF INCORPORATION
ARTICLE I
NAME
The name of this corporation shall be: The Florida Bar Foundation, Inc. For convenience it is herein called the corporation or the Foundation. The principal office and place of business shall be at a location *120 in Florida established and ordered by the board of directors. The business of this corporation shall be carried on at its principal office in Florida, and at such other places as may from time to time be authorized by the board of directors.
ARTICLE II
PURPOSES AND POWERS
2.1 Purposes. The Foundation shall be operated exclusively for charitable, scientific, literary and/or educational purposes as described in Section 501(c)(3) of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent federal tax law (“Code”) including, but not limited to the following particular purposes:
a) The improvement of the administration of justice and the elevation of judicial standards;
b) The promotion of the study of law and research in the law, the diffusion of legal knowledge and the continuing legal education of lawyers;
c) The publication and the distribution of works on legal subjects.
d) The improvement of relations between members of the Bar, the judiciary and the public;
e) The fostering of suitable standards of legal education and of admission to the Bar, and the furnishing of funds for making grants and loans to qualified and worthy persons for the study of law;
f) The aiding of members of The Florida Bar who shall be in great need of assistance because of illness, misfortune or advanced age;
g) The promotion of the preservation of the American constitutional form of government;
h) In furtherance of the foregoing charitable, scientific, literary and/or educational purposes, the assets and earnings of the Foundation (including, but not limited to those assets and earnings derived from the interest on Trust Savings Accounts Program, implemented by Order of the Supreme Court of Florida, (In re Interest on Trust Accounts, 402 So.2d 389 (Fla. 1981) as such Order may be amended from time to time) may be used for any one or more of the following charitable activities undertaken for exclusively public purposes:
(1) To provide legal aid to the poor;
(2) To provide law student loans and scholarships;
(3) To improve the administration of justice; and
(4) For such other programs for the benefit of the public as are specifically approved from time to time by the Supreme Court of Florida for exclusively public purposes.
i)provided, however,-that-aNo part of the assets or net earnings of the Foundation (including such assets or net earnings as may be derived from the Interest on Trust Savings Accounts Program described in Article 2.2 hereof below) shall inure to the benefit of any private shareholder or individual.} and-f Further provided that the Foundation shall not carry on propaganda, or otherwise attempt, to influence legislation, and shall not participate in, intervene in (including the publication or dis- . tribution of statements), any political campaign on behalf of any candidate for public office.
Except as more specifically hereinabove set forth, such activities may be undertaken directly by the Foundation, or by the provision of funds by the Foundation to The Florida Bar, Florida Legal Services, Inc., or other organizations, to be used exclusively for such purposes.
2.2 Contributions. The Foundation may receive, by contribution, gift, bequest, devise, or in any other manner, money, assistance, and any other form of real, personal, or mixed property, from any person, firm or corporation to be used in the furtherance of the purposes of the Foundation, provided, however, that {rifts shall be subject to acceptance by the board of directors as required by the ByLaws. The Foundation may also receive all funds generated by the Interest on Trust Accounts Savings Program, implemented- by Order of the Supreme Court-of Florida-(4n re: ‘-Matter of Interest on Trust Accounts, et seq.”) *121 as such Order may be amended from time to time.
2.3 Offices and Employees. The Foundation may establish one or more offices and employ such agents, employees and clerical force as may be deemed necessary or proper to conduct and carry on the work of the Foundation, and it may pay reasonable compensation for the services of such persons.
2.4 Powers: General. The Foundation may contract and be contracted with, sue and be sued, invest and reinvest the funds of the Foundation, and do all acts and things requisite, necessary, proper, or desirable to carry out and further the purposes for which the Foundation is formed.
2.5 Powers: Interest on Trust Accounts Savings Program. With respect to the activities of, and assets and earnings derived from, the Interest on Trust Accounts Savings Program, the Foundation may:
a) Authorize capital expenditures, accumulations, or reserves, only as may be necessary to meet the reasonable working needs of the Foundation im administering the Trust Account Savings — Program;
b) Retain professional investment advisory services;
c) Through its directors adopt rules of procedure reasonably necessary or helpful in carrying out the purposes and powers of the Foundation in managing and administering the Interest on Trust Accounts Savings Program.
ARTICLE III
MEMBERS
3.1 Qualification. Each member of the Foundation shall be a member of The Florida Bar who is interested in the purposes of the Foundation.
3.2 Admission. Members shall be admitted by the directors in the manner determined by the ByLaws.
3.3 Terms. The terms of membership of members shall be established by the ByLaws.
3.4 Rights. Each member shall be entitled to one vote at meetings of the Foundation, but no member of the Foundation shall have any vested right, privilege or interest of, in or to the assets, functions, affairs or franchise of the Foundation, or any right, interest or privilege which may be transferable or inheritable or which shall continue if the member’s his membership ceases or while the member he 'is not in good standing.
3.5 Termination. Membership shall be terminated in the manner provided by the ByLaws. If a member ceases to be a member of The Florida Bar, the member's hfe membership in the Foundation shall be thereby terminated. A membership' may be terminated for cause by concurrence of a majority of all directors of the Foundation after due notice to the member and an opportunity to be heard.
3.6 Meetings. Members shall meet annually at the time provided in the ByLaws and special meetings may be called in the manner provided in the ByLaws.
ARTICLE IV
TERM; DISSOLUTION
This corporation shall have perpetual existence. In the event of a dissolution of the corporation, its assets, after payment of all debts and charges of the corporation, and expenses of dissolution, shall be distributed among all fully properly accredited schools of law within the State of Florida, not organized and operating exclusively for the benefit of any private shareholder or individual, nor substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation, and which does not participate in, intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office.
ARTICLE V
The names and residences of the original subscribers hereto are as follows:
NAME RESIDENCE
Donald K. Carroll 1200 Greenleaf Building Jacksonville, Florida
*122 NAME J. Lance Lazonby RESIDENCE Baird Office Building Gainesville, Florida
Kenneth B. Sherouse, Supreme Court Building Tallahassee, Florida
William A. Gillen Citizens Building Tampa, Florida
J. Lewis Hall 121½ E. Jefferson St. Tallahassee, Florida
Sherwood Spencer 1924 Hollywood Boulevard Hollywood, Florida
each of whom has been an officer or member of the Board of Governors of The Florida Bar.
ARTICLE VI
DIRECTORS
6.1 Number. The affairs of the Foundation shall be managed by a board of directors consisting of not less than--21 nor more than 24 twenty-nine (29) directors, six eight (8) of whom shall be directors as set forth in Article 6.2 hereof, and-45 eighteen to £18) of whom shall be directors as set forth in Article 6.3 hereof^ and three (3) of whom shall be the president, president-elect, and secretary-treasurer as set forth in Article 6.4 hereof. Directors as set forth in Article 6.2(f) and Article 6.3 hereof shall be selected for staggered terms of office.
6.2 Status and -Appointed Designated Directors. Six Eight (8) directors shall be directors by virtue of officej or appointment designation, or selection as follows:
a) The Chief Justice of the Supreme Court of Florida, or by proxy at any Foundation board or committee meeting that the Chief Justice cannot attend, another Justice of the Supreme Court of Florida, at the direction of the Chief Justice of the Supreme Court of Florida;
b) Two other judicial officers to be appointed designated annually by the Chief Justice of the Supreme Court of Florida;
c) The president of The Florida Bar, or by proxy at any Foundation board or committee meeting that the president cannot attend, the president-elect or a member of the executive committee of the Board of Governors, at the direction of the president of The Florida Bar;
d) The president of Florida Legal Services, Inc.; and
e) A representative — of The immediate past president of The Florida Bar who is a member of the Foundation, to be appointed annually by-the-Board-o-f-Governors-of The Florida Bar; and
f) Two public members, who shall not be lawyers, to be selected by the nominating commission established pursuant to Article 6.3(c) hereof, without submission to the Supreme Court of Florida and certified to the Foundation no later than April 1st of every year.
6.3 Other Selected Directors. F-ifteen Eighteen (18) directors shall be selected elected at-the annual meeting of the members in the manner provided by the ByLaws as follows:
a) One-third selected by the Foundation in the manner provided by the ByLaws;
b) One-third selected by the Board of Governors of The Florida Bar and certified to the Foundation no later than April 1st of every year;
c) One-third selected by the Supreme Court of Florida from among nominees submitted by an eight (8) member nominating commission and certified to the Foundation no later than April 1st of every year. Membership on such nominating commission shall be comprised of an equal number of appointments by the Foundation in the manner provided by the ByLaws, and by the Board of Governors of The Florida Bar, and each member so appointed shall be a current or past director of the Foundation; and
d) Any director selected as set forth in Article 6.3 hereof who is a member of The Florida Bar shall be a member of the Foundation at the beginning of their term of office.
6.4 Officers Serve as Directors. In the event a person is elected president, vice-president president-elect, or secretary-treasurer of the Foundation, such person shall resign his or her remaining who is-not for his term of office as otherwise a director of the Foundation, but he shall be a director *123 of the Foundation by virtue of his or her his office, for-the term of his office.
6.45 Term; Removal; Vacancies.
a) The Chief Justice of the Supreme Court of Florida, president of The Florida Bar, and president of Florida Legal Services, Inc. shall be directors of the Foundation during their respective terms in office. The two judicial officers designated appointed by the Chief Justice shall serve for one-year terms of office and may be redes-ignated appointed for additional one-year terms at the pleasure of the Chief Justice. The representative immediate past president of The Florida Bar shall serve for a one-year term, and may be reappointed for additional one year terms at the-pleasure-of-the Board of Governors.
b) The two public members selected pursuant to Article 6.2(f) hereof shall serve for a single, two-year staggered term. Their removal from office shall be determined by the ByLaws. Vacancies of directors selected pursuant to Article 6.2(f) hereof between annual organization meetings of the board of directors which are caused in any manner shall be filled by the nominating commission pursuant to Article 6.2(f) hereof for the unexpired term.
c) The term-of-office of-elected Directors selected pursuant to Article 6.3 hereof shall serve for a three-year term, and may serve for one additional, consecutive three-year term. Their removal from office and-the filling-of the-vaeancies shall be determined by the ByLaws. Vacancies of directors selected pursuant to Article 6.3 hereof occurring between annual organization meetings of the board of directors which are caused in any manner shall be filled by the selecting authority for such directors for the unexpired term.
d) An-oOfficers of the Foundation who are ⅛-a directors only by virtue of being officers his office shall be a directors for their his terms in office only. Their removal from office and the filling of vacancies shall be determined by the ByLaws.
6.65 Executive Committee. The affairs of the Foundation may be managed by an executive committee between meetings of the board of directors. The executive committee shall consist of directors and shall be established in the manner and with the authority provided by the ByLaws.
6.7 Transition. To achieve Article 6.2(f) hereof, and in order to achieve Article 6.3 hereof as terms of existing directors expire or are terminated, selections of directors shall be made in the following manner:
a) In June 1990:
(1) The nominating commission shall select one (1) lay member for a one-year term beginning June 1990 and one (1) lay member for a two-year term beginning June 1990 as set forth in Article 6.2(f) hereof;
(2) The Board of Governors of The Florida Bar shall select four (4) directors as set forth in Article 6.3(b) hereof; and
(3) The Supreme Court of Florida shall select four (4) directors as set forth in Article 6.3(c) hereof.
b) In June 1991:
(1) The Board of Governors of The Florida Bar shall select two (2) directors as set forth in Article 6.3(b) hereof;
(2) The Supreme Court of Florida shall select two (2) directors as set forth in Article 6.3(c) hereof; and
(3) The Foundation shall select one (1) director as set forth in Article 6.3(a) hereof.
c) In June 1992, the Foundation shall select five (5) directors as set forth in Article 6.3(a) hereof.
ARTICLE VII
OFFICERS
7.1 Number. The affairs of the Foundation shall be managed by a board of directors and administered by a president, vice-president president-elect, and secretary-treasurer, each of whom has previously served on the board of directors, and such assistant officers as the board of directors shall from time to time deem desirable. Officers and assistant officer shall be members of the Foundation at the beginning of their terms of office.
7.2 Election. The officers shall be elected annually by the board of directors *124 in the manner provided by the ByLaws. at its first meeting following the annual meeting of the members. Terms of office may be limited as provided in the ByLaws.
ARTICLE VIII
BYLAWS
The board of directors of this corporation shall make and adopt ByLaws for the corporation, and said board and its successors in office shall have power to alter, amend, and rescind such ByLaws or to adopt new ByLaws.
ARTICLE IX
DIRECTORS’ AND OFFICERS’ COMPENSATION AND INDEMNIFICATION
9.1 Compensation. Ar-dDirectors of the Foundation shall not receive compensation, directly or indirectly, for their his services as a directors. Am-oOfficers of the Foundation shall not receive compensation, directly or indirectly, for their his services as as officers unless they he is are employed by the board of directors as a member of the administrative staff of the Foundation. These prohibitions shall not preclude reimbursement of a director, officer, or duly appointed committee member for expenses or advances made for the Foundation that are reasonable in character and amount and approved for payment in the manner provided by the ByLaws.
9.2 Indemnification. Every director and every officer of the Foundation shall be indemnified by the Foundation against all expenses and liabilities, including counsel fees, reasonably incurred by or imposed upon such director or officer him in connection with any proceeding or any settlement of any proceeding to which such director or officer he may be a party or in which such director or officer he may become involved by reason of such director or officer his being or having been a director or officer of the Foundation, whether or not such director or officer he is a director or officer at the time such expenses are incurred, except when the director or officer is adjudged guilty of willful misfeasance or malfeasance in the performance of the director's or officer’s hfe duties; provided that in the event of a settlement before entry of judgment, the indemnification shall apply only when the board of directors approves such settlement and reimbursement as being in the best interest of the Foundation. The foregoing right of indemnification shall be in addition to and not exclusive of all other rights to which such director or officer may be entitled. Appropriate liability insurance, if available, shall be provided for every officer, directors and agents of the Foundation in amounts determined from time to time by the board.
9.3Interest of Directors and Officers in Contracts. Any contract, whether for compensation or otherwise, or other transactions between the corporation and one or more of its directors or officers, or between the corporation and any firm of which one or more of its directors or officers are stockholders or employees, or in which they are interested, or between the corporation and any corporation or association of which one or more of its directors or officers are shareholders, members, directors, officers or employees, or in which they are interested, shall be valid for all purposes, notwithstanding the presence of such director or directors, officer or officers, at the meeting of the board of directors of the corporation which acts upon or in reference to such contract or transaction and notwithstanding his or their participation in such action, if the fact of such interest shall be disclosed or known in writing to the board of directors and the board of directors shall, nevertheless, authorize, approve and ratify such contract or transaction by vote or majority of the directors present, such interested director or directors, officer or officers to be counted in determining whether a quorum is present but not be counted in calculating the majority of such quorum necessary to carry such vote. This section shall not be construed to invalidate any contract or other transaction which would otherwise be valid under the common and statutory law applicable thereto.
ARTICLE X
AMENDMENT
10.1 Notice of Amendments. Notice of the subject matter of a proposed amend *125 ment to these Articles shall be included in the notice of the meeting at which a proposed amendment is considered.
10.2 Procedure. These Articles of Incorporation may be amended in the following ways:
a) By petition of fifty (50) or more members of the Foundation directly to the Supreme Court of Florida, after advance notice to and opportunity for consultation with and comment by the board of directors of the Foundation and the Board of Governors of The Florida Bar, and approved by the Court.
b) By petition of the Board of Governors of The Florida Bar directly to the Supreme Court of Florida, after advance notice to and opportunity for consultation with and comment by the board of directors of the Foundation, and approval by the Court. A resolution adopting a proposed amendment or amendments shall be approved by an absolute majority of the members of the Board of Governors of The Florida Bar.
c) By petition of the board of directors of the Foundation directly to the Supreme Court of Florida, after advance notice to and opportunity for consultation with and comment by the Board of Governors of The Florida Bar, and approval by the Court. A resolution adopting a proposed amendment or amendments shall be approved by an absolute majority of the directors of the Foundation.
d) “Advance notice” means submission of the subject matter and language of the proposed amendment to the body having the right to consult and comment at least thirty (30) days before its next regularly scheduled meeting.
10.3 Effective Date. Any amendment approved by the Supreme Court of Florida shall be effective upon filing with the Secretary of State as provided by law.